UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS RUBEN ELLINGTON, | CASE NO. 1:10-cv-01944-AWI-MJS (PC) |
| Plaintiff, | ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS AND REQUIRING PAYMENT OF FILING FEE |
| v. | |
| CLARK, et al., | (EFC NO. 5) |
| Defendants. | FILING FEE DUE WITHIN THIRTY (30) DAYS |

_____/

I.  PROCEDURAL HISTORY

    Marcus Ruben Ellington ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  He claims deprivation of rights under the First, Eighth and Fourteenth Amendments relating to inmate grievance, classification, administrative segregation, and transfer matters and to alleged destruction of his personal property. This action is proceeding on Plaintiff's Complaint against Defendants Clark,

-1-

Polk, Diaz, Reynoso, Wiggins, Hoxion, Lunes and Jones.

Plaintiff was granted in forma pauperis status on November 16, 2010.

## II.   THREE STRIKES

A review of the record of actions filed by Plaintiff in the United States District Court reveals that Plaintiff has filed three or more actions that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief could be granted. These dismissals are final.  Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [I]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

Determining whether a dismissal counts as a strike under Section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

---

[1] [A] district court's dismissal of a case does not count as a "strike" under Section 1915(g) until the litigant has exhausted or waived his opportunity to appeal. This means that a dismissal ripens into a "strike" for Section 1915(g) purposes on "the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the [90 day period] to file a petition for writ of certiorari expired, if he did not." Silva v. Di Vitorrio, 658 F.3d 1090, 1099 (9th Cir. 2011), citing to Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176 (10th Cir. 2011). If no direct appeal is filed, a district court's dismissal counts as a strike from the date the time to file a direct appeal expires. Hafed 635 F.3d at 1175. Federal Rules of Appellate Procedure Rule 4, 28 U.S.C.A.

The Court takes judicial notice that Plaintiff has the following dismissals, which this Court, upon examination, finds to constitute strikes under 28 U.S.C. § 1915(g):[2]

1. Ellington v. Lucine, et al., N.D. Cal. Case No. 5:97–cv–20974–RMW, dismissed for failure to state a claim on October 13, 1998.

2. Ellington v. Da Villa, C.D. Cal. Case No. 2:94–6239 ER AN, dismissed with prejudice on September 22, 1997 pursuant to the favorable termination rule of Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).[3]

3. Ellington v. Lt. Schievelbein, E.D. Cal. Case No. 2:94–00812 WBS JFM, dismissed on January 23, 1995 pursuant to the favorable termination rule of Heck.[4]

Plaintiff, who has three or more strikes became subject to Section 1915(g) well before he filed this action. Therefore, the Court finds that Plaintiff should be precluded from proceeding in forma pauperis unless he was, at the time the Complaint was filed, under imminent danger of serious physical injury.

### III. IMMINENT DANGER

The Court has reviewed Plaintiff's Complaint and, based on the allegations therein, finds that Plaintiff does not meet the imminent danger exception. Andrews v. Cervantes, 493 F.3d

---

[2] A court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal citations and quotations omitted).

[3] See, e.g., Romero v. United States, et al., No. CV 11-531-PHX-DGC 2011 U.S. Dist. WL 1261293 (D. Ariz., Apr. 5, 2011) (finding cases dismissed pursuant to Heck are dismissals for failure to state a claim); see also Hamilton, v. Lyons, 74 F.3d 99, 102, 103 (5th Cir. 1996); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995).

[4] See Ellington v. Clark, E.D. Cal. Case No. 1:09-cv-02141-AWI-DLB PC, Defs.' Suppl., Ex. A-B., ECF No. 89.

1047, 1053 (9th Cir. 2007). "[T]he [imminent danger] exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury at the time of filing." Andrews, 493 F.3d at 1055. The Ninth Circuit has found that "requiring a prisoner to 'allege [ ] an ongoing danger' ... is the most sensible way to interpret the imminency requirement." Id. (citing Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998). To meet his burden under Section 1915(g), the inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  "Vague and utterly conclusory assertions" of harm are insufficient.  White v. Colorado,  157 F.3d 1226, 1231-32 (10th Cir. 1998).

     Plaintiff complains that he was deprived of rights relating to inmate grievance, classification, administrative segregation, transfer matters and destruction of his personal property. Plaintiff contends that he has been improperly classified as a "crip", improperly referred to in his abstract of judgment and prison files as a "child molester",  and improperly housed with gang members.  Plaintiff contends these actions put him in danger of attack from inmates and prison staff. (Compl., pp. 5, 14, 17 and 22, ECF No. 1.) Plaintiff also alleges that he is bipolar which makes it difficult for cell mates to cope with him. (Compl. at 5.) Plaintiff finally alleges that Defendants conspired to cause his transfer to Kern Valley State Prison resulting in loss of his wheelchair and walker. (Compl. at 15.)

     Plaintiff's conclusory allegation that he is in danger of attack does not constitute an "imminent danger." See Merriweather v. Reynolds, 586 F. Supp.2d 548, 552 D.S.C. 2008 (an inmate's allegations that he had many enemies in prison, that there were continuous threats to his

-4-

life, and that prison gangs were out to get him were insufficient to establish that he was in imminent danger of physical harm pursuant to the three-strikes rule.) See also Ashley, 147 F.3d at 717 (prisoner sufficiently alleged imminent danger of serious physical injury where prisoner alleged ongoing danger based on prison officials' repeated placement of prisoner near inmates on his enemy list and that he had twice suffered harm as result of such placement.)  Plaintiff's generalized apprehension that he might be a target of attack does not constitute an imminent danger at the time of filing the Complaint.

Plaintiff's assertion of pre-existing medical conditions also fails to meet the imminent danger exception. Nothing about his asserted bipolar condition or the denial of ambulatory devices suggests imminent danger. See Andrews, 493 F.3d at 1057 n. 11 ("assertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful, when they are [un]supported by ... allegations that the ongoing practice has produced past harm.")

## IV. CONCLUSIONS AND ORDER

Plaintiff, who has three or more strikes, became subject to Section 1915(g) well before he filed this action and has not demonstrated he was in imminent danger of serious physical harm.

The Court finds that Plaintiff is precluded from proceeding in forma pauperis.

Plaintiff's in forma pauperis status shall be revoked. He shall be given thirty days to pay the full filing fee.[5] If he fails to pay the filing fee within that time, his case will be dismissed.

---

[5] See Patton v. Jefferson Corr. Center, 136 F.3d 458, 461 (5th Cir. 1998); Taylor v. U.S. Court of Appeals, No. C 09-05999 2010 U.S. Dist. WL 2903073, at *2 (N.D.Cal. July 23, 2010).

It is HEREBY ORDERED THAT:

    1.    Plaintiff's in forma pauperis status is revoked. (ECF NO. 5.)

    2.    Plaintiff shall pay the $ 350.00 filing fee in full within thirty (30) days from entry of this order.

    3.    Failure to timely pay the full filing fee shall result in dismissal of this action without prejudice; such a dismissal shall be subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u> 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   February 13, 2012

CHIEF UNITED STATES DISTRICT JUDGE