UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS RUBEN ELLINGTON,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CLARK, et al.,<br><br>　　　　　　　Defendants.<br>_____/ | CASE No. 1:10-cv-01944-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT ACTION BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH COURT ORDER REQUIRING PAYMENT OF FILING FEE<br><br>(ECF No. 17)<br><br>OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS |

　　　Plaintiff Marcus Ruben Ellington is a state prisoner proceeding pro se in this civil rights action filed on October 18, 2010 pursuant to 42 U.S.C. § 1983. On February 13, 2012, the Court issued its order revoking Plaintiff's in forma pauperis status and requiring him to pay the full $350 filing fee within thirty days. (ECF No. 9.) On February 22, 2012, Plaintiff filed in the United States Court of Appeals for the Ninth Circuit a notice of appeal from the February 13th order. (ECF No. 10.) On August 20, 2012, the Ninth Circuit issued its order and mandate dismissing the appeal for failure to pay the

docketing/filing fees. (ECF No. 16.) On August 27, 2012, the Court issued its order requiring that Plaintiff pay in full the $350.00 filing fee by not later than October 1, 2012. Plaintiff was advised therein that failure to comply would result in a recommendation for dismissal of this action. (ECF No. 17.) The October 1, 2012 deadline has passed without Plaintiff having paid the $350.00 filing fee or requesting an extension of time to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Accordingly, it is RECOMMENDED that this matter be DISMISSED WITHOUT PREJUDICE by the District Judge for failure to comply with the Court's order and that the Clerk thereupon terminate all pending motions and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations,

any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  October 23, 2012            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE